GILMAN, Circuit Judge, concurring:
I fully concur in the lead opinion's holding that Echols's complaint states a valid claim of retaliation under the First Amendment. Reluctantly, I also agree that Lawton is entitled to qualified immunity on this claim because the then-existing law in the Eleventh Circuit did not clearly establish that Lawton's egregious conduct violated Echols's constitutional rights. Several pertinent cases from other circuits hold that defamatory speech by a public official does not constitute First Amendment retaliation "in the absence of a threat, coercion, or intimidation," see, e.g. , Suarez Corp. Indus. v. McGraw , 202 F.3d 676, 687 (4th Cir. 2000), and none of these actions were attributed to Lawton in Echols's complaint. And although authority exists to the contrary, see, e.g. , Tierney v. Vahle , 304 F.3d 734, 740 (7th Cir. 2002) (concluding that "defamation inflicts sufficient harm on its victim to count as retaliation [and thus] be capable of deterring the exercise of free speech"), the Eleventh Circuit has not previously opined one way or the other on this issue. This lack of consensus supports the proposition that Lawton's defamatory statement that Echols was still under indictment for kidnapping and rape, as vindictive and unjustified as that statement appears to be, was not a clearly established violation of Echols's First Amendment rights.
I further agree with the lead opinion's conclusion that clear Supreme Court precedent prevents Echols from invoking the rubric of substantive due process as a basis to hold Lawton accountable for a First Amendment violation. But for this binding precedent, I would have concluded that Lawton's statement "shocks the conscience." An official's conduct most likely shocks the conscience-and thus violates an individual's substantive-due-process rights-if the conduct was "intended to injure in some way unjustifiable by any government interest." Davis v. Carter , 555 F.3d 979, 982 (11th Cir. 2009) (emphasis added) (citation omitted).
As applied to the present case, there can be no doubt that Lawton's false statement to the Georgia legislature that Echols was still under indictment for kidnapping and rape was intended to injure Echols. This leaves the question of what possible governmental interest justified Lawton in making that libelous statement. I can think of none. Nor has any such justification been articulated by either Lawton or the district court. I suggest that this total silence is due to the fact that no such justification exists.
In any event, we are bound by Supreme Court precedent from providing relief to Echols on the basis of substantive due process. My only comfort with this result is knowing that if another official in this circuit henceforth engages in conduct similar to Lawton's, he or she will not be entitled to hide behind the doctrine of qualified immunity.